RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/3/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 09-0337-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JAMES ARIC CLEMENT | MAG. JUDGE KAREN L. HAYES |

## RULING

A jury trial was held in the above-referenced case on March 16-18, 2010.[1] On the third day, the jury convicted Defendant James Aric Clement ("Clement") of one count of interstate stalking, in violation of 18 U.S.C. § 2261A(2), with regard to his actions toward Landon Stultz. The jury acquitted Clement of a second count of interstate stalking with regard to his actions toward Morgan Stultz, his former wife.

Following trial, Clement moved the Court for an extension of time to file a post-trial motion for judgment of acquittal. The Court granted Clement's motion, and he timely filed a Rule 29 Motion [Doc. No. 64] on April 12, 2010. The Government filed its opposition memorandum on April 23, 2010.

For the following reasons, Clement's Rule 29 Motion is DENIED.

Pursuant to Federal Rule of Criminal Procedure 29, a defendant may move for a judgment of acquittal after a guilty verdict. When deciding whether to grant a Rule 29 motion for judgment of acquittal, the Court must "consider the evidence, all reasonable inferences drawn

---

[1] A jury trial was previously held on February 16-18, 2010, but the jury failed to reach a unanimous verdict. Clement was re-tried a month later before a second jury of his peers.

from it and all credibility determinations in the light most favorable to the government, and [determine] if a reasonable jury could find the offense's essential elements beyond a reasonable doubt." *United States v. Medina*, 161 F.3d 687, 872 (5th Cir. 1998); *see also United States v. Rena*, 981 F.2d 765, 771 (5th Cir. 1993). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty," but the Government "must do more than pile inference upon inference." *United States v. Maseratti*, 1 F.3d 330, 337 (5th Cir. 1993) (citations omitted).

In this case, Clement contends that the Government's evidence was insufficient in two ways. First, he argues that the Government failed to prove beyond a reasonable doubt that he "acted 'with the intent to place a person in reasonable fear of death or of serious bodily injury.'" [Doc. No. 64, p. 1]. He points out that he offered his own testimony in which he denied having the requisite intent and that, even if the jury chose not to believe him, the Government had inadequate proof of his intent.

Second, Clement argues that the Government failed to prove beyond a reasonable doubt that his course of conduct caused Landon Stultz "'substantial emotional distress . . . or placed [him] in reasonable fear of death or of serious bodily injury . . . .'" [Doc. No. 64, p. 2]. He contends that evidence at trial would not have even supported an award of damages in a tort case for emotional distress and, thus, was not evidence of "substantial emotional distress." He further contends that the Government failed to provide sufficient evidence that Mr. Stultz had a "reasonable" fear of death or serious bodily injury.

With regard to intent, the Government responds that Morgan and Landon Stultz and Special Agent Frank Bruzzi all testified about Clement's conduct and that Clement conceded that

2

he sent emails, made the phone calls, and left voicemails from Louisiana. The Government points out that the jury could disbelieve Clement. The jury could have found that Clement, knowing that he was in Louisiana, had "no other intent <u>but</u> to place" Mr. Stultz in fear when he communicated that he was a short distance from the Stultz home in South Carolina.

With regard to evidence of Mr. Stultz's substantial emotional distress or reasonable fear, the Government argues that the jury could rely on the testimony of Mr. and Mrs. Stultz about their emotional distress and fear and to the actions they took because of their fear, such as refusing to allow their children to play outside and sleeping in shifts at night.

The Court agrees with the Government. With regard to Clement's intent, the jury had the right to disbelieve his testimony and to rely on the content of the statements he made to Mr. Stultz, the manner in which he conveyed those statements, the context of the statements, and the tone he used (in the verbal communications) in determining his intent. *See United States v. Al-Zubaidy*, 283 F.3d 804, 809 (6th Cir. 2002) (The intent element of Section 2261A can be inferred from the totality of the circumstances.). If the jury believed Mr. Stultz's testimony about Clement's statements, then based on his testimony and the content of the statements themselves, the jury had sufficient evidence to find the requisite intent under the statute.

With regard to Mr. Stultz's state of mind, the Court finds that the jury could have reasonably believed that he was under substantial emotional distress or reasonable fear of death or serious bodily injury if the jury believed the testimony of Mr. Stultz and Agent Bruzzi. Mr. Stultz testified to his own state of mind, and his testimony was supported by Mrs. Stultz's and Agent Bruzzi's testimony about the actions taken to protect the Stultz family. If the jury credited the testimony of Mr. Stultz and Agent Bruzzi, then it had sufficient evidence to believe that Mr.

Stultz suffered substantial emotional distress or had a reasonable fear of death or serious bodily injury to himself or a member of his immediate family.

Accordingly, Clement's motion for judgment of acquittal [Doc. No. 64] is DENIED.

MONROE, LOUISIANA, this 3 day of May, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE